| | |
|---|---|
| 1 | **MARTIN D. SINGER, ESQ. (BAR NO. 78166)** |
| 2 | **EVAN N. SPIEGEL, ESQ. (BAR NO. 198071)**<br>**HENRY L. SELF III, ESQ. (BAR NO. 223153)** |
| 3 | **LAVELY & SINGER**<br>**PROFESSIONAL CORPORATION** |
| 4 | 2049 Century Park East, Suite 2400<br>Los Angeles, California 90067-2906 |
| 5 | Telephone: (310) 556-3501<br>Facsimile: (310) 556-3615 |
| 6 | E-Mail: mdsinger@lavelysinger.com<br>    espiegel@lavelysinger.com |
| 7 | Attorneys for Plaintiff<br>**Quentin Tarantino** |

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| **QUENTIN TARANTINO**, an individual;<br><br>        Plaintiff,<br><br>    v.<br><br>**GAWKER MEDIA, LLC**, a/k/a Gawker Media, a Delaware corporation; **GAWKER MEDIA GROUP, INC**, a/k/a Gawker Media, a Cayman Islands corporation; **GAWKER ENTERTAINMENT, LLC**, a/k/a Gawker Media, a New York corporation; **DOE-1, a/k/a ANONFILES.com**, an unknown entity/person, and **DOES 2 through 10**, inclusive,<br><br>        Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT**<br>2. **CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>*[JURY TRIAL DEMANDED]* |

/ / /

/ / /

/ / /

Plaintiff Quentin Tarantino ("Plaintiff" and/or "Tarantino"), alleges:

## THE NATURE OF THIS ACTION

1. This action is necessitated by Gawker Media's, and the other defendants', blatant copyright infringement by their promotion and dissemination of unauthorized downloadable copies of the leaked unreleased complete screenplay for Quentin Tarantino's motion picture *The Hateful Eight* (the "Screenplay").

2. Gawker Media has made a business of predatory journalism, violating people's rights to make a buck. This time they went too far. Rather than merely publishing a news story reporting that Plaintiff's screenplay may have been circulating in Hollywood without his permission, Gawker Media crossed the journalistic line by promoting itself to the public as the first source to read the entire Screenplay illegally. Their headline boasts "***Here Is the Leaked Quentin Tarantino Hateful Eight Script***" – "**Here**," not someplace else, but "**Here**" on the Gawker website. The article then contains multiple direct links for downloading the entire Screenplay through a conveniently anonymous URL by simply clicking button-links on the Gawker page, and brazenly encourages Gawker visitors to read the Screenplay illegally with the invitation to "**Enjoy!**" it. There was nothing newsworthy or journalistic about Gawker Media facilitating and encouraging the public's violation of Plaintiff's copyright in the Screenplay, and it's conduct will not shield Gawker Media from liability for their unlawful activity.

3. Notwithstanding repeat demands for the removal of the posted URL links for direct downloading of the unlawfully posted script, including submissions of DMCA notices of copyright infringement, Gawker Media failed and expressly refused to remove their directions to and URL links to get the infringing materials. Gawker Media knowingly and actively acted as a promoter of copyright pirates, and, itself, did directly cause, contribute to, enable and facilitate copyright infringement. The reason for the Copyright Act is to protect against the Defendants' conduct.

4. This is an action to obtain redress for Defendants', and their co-conspirators', blatant violation of Tarantino's copyrighted work, among other calculated wrongful and tortious conduct.

## JURISDICTION & VENUE

5. This action is brought, and exclusive subject matter jurisdiction lies within this Court upon multiple grounds, including pursuant to the United States Copyright Act, 17 U.S.C. Sections 101 et seq., based on acts of copyright infringement committed in the United States (28 U.S.C. §§ 1331 and 1338(a)). This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a), and pursuant to 17 U.S.C. § 410(d) and § 411.

6. Venue lies within this District pursuant to 28 U.S.C. §1400, and is also proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because Defendants, and each of them, are subject to personal jurisdiction in this District as a substantial part of the events or omissions giving rise to the claims herein occurred in this District. This Court also has jurisdiction and venue of this action under 15 U.S.C. §1125 *et seq.*, 28 U.S.C. §§1331, 1338(a) and (b). Some of the key acts giving rise to the claims asserted herein occurred in Los Angeles, California. The amount in controversy includes statutory damages for copyright infringement of up to $150,000 per violation, which Plaintiff sustained in the County of Los Angeles.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### THE PARTIES

7. Plaintiff **Quentin Tarantino** ("Plaintiff" and/or "Tarantino") is, and at all times relevant hereto was, an individual residing in and who is engaged in and doing business in the County of Los Angeles, State of California. Tarantino is a multiple Oscar winning and nominated writer and director.

8. Defendant **Gawker Media, LLC**, also know as (a/k/a) and doing business as (d/b/a) Gawker Media, is, and at all times relevant hereto was, a limited liability company organized and operating under the laws of the State of Delaware,

1 with its principal place of business in the State of New York, and who is engaged in and doing business and commercial activities in and causing a direct effect in the County of Los Angeles, State of California.

9. Defendant **Gawker Entertainment, LLC**, a/k/a and d/b/a Gawker Media, is, and at all times relevant hereto was, a limited liability company organized and operating under the laws of the State of New York, and who is engaged in and doing business and commercial activities in and causing a direct effect in the County of Los Angeles, State of California.

10. Defendant **Gawker Media Group, Inc**, a/k/a and d/b/a Gawker Media, is, and at all times relevant hereto was, a Cayman Islands corporation, and is a citizen of the Cayman Islands pursuant to 28 U.S.C. 1332(c), who is engaged in and doing business and commercial activities in and causing a direct effect in the County of Los Angeles, State of California.

11. Defendants Gawker Media, LLC and Gawker Entertainment, LLC were and are under the control of defendant Gawker Media Group, Inc, all of whom are collectively herein referred to as "**Gawker Media**."

12. Defendant **DOE-1, also known as AnonFiles.com**, is, and at all times relevant hereto was, an unknown person or entity of unknown form and location, and who is engaged in and doing business and commercial activities in and causing a direct effect in the County of Los Angeles, State of California.

13. Plaintiff is presently unaware of the true names and capacities of Defendants sued herein as **DOES 2 through 10**, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of such fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's damages were proximately caused by their conduct. Hereinafter all Defendants including Doe

Defendants will sometimes be referred to collectively as "Defendants." For convenience, each reference to a named Defendant herein shall also refer to the Doe 2 through 10 Defendants, and each of them, as applicable.

14. Plaintiff is informed and believes and based thereon alleges that at all material times Defendants, and each of them, were the agents, employees, partners, joint venturers, co-conspirators, owners, principals, and employers of the remaining Defendants, and each of them, and are, and at all times herein mentioned were, acting within the course and scope of that agency, employment, partnership, conspiracy, ownership or joint venture. Plaintiff is informed and believes and based thereon alleges that the officers, directors and/or managing agents of the Defendant business entities, authorized, directed and/or ratified the wrongful acts of the employees and representatives of said Defendants and, consequently, all of said Defendants are jointly and severally liable to Plaintiff.

## PLAINTIFF'S REGISTERED COPYRIGHT

15. Plaintiff Tarantino wrote a screenplay for a new ensemble western motion picture, titled *The Hateful Eight* (the "Screenplay"), that he would direct. Plaintiff previously filed for registration of copyright with the United States Copyright Office ("USCO") for the subject work, the Screenplay, as a "motion picture screenplay" literary textual work under the title "*The Hateful Eight*," pursuant to USCO Claim ID Number 1-JAFORJ. Said copyright registration application has been fully completed and was submitted, effective as of January 23, 2014 at 3:19:26 PM ET, including with full payment tendered of the service fee and deposit of the subject material -- all prior to the infringements set forth herein.

## BACKGROUND AND NATURE OF THIS ACTION

16. On or about January 21, 2014, Plaintiff discovered that a copy of his Screenplay had, without his knowledge or authorization, been leaked publicly, albeit in a limited manner (*i.e.*, online search engine searches for a copy of the script, through January 23, did not have any positive results). After learning of the leak,

1  Plaintiff decided to postpone working on the movie, and stated publicly -- in an
2  interview that was widely reported in the media -- that he intended to publish it.
3  Plaintiff routinely publishes his screenplays for substantial advances and royalties.

4     17.   On January 22, 2014 at 10:37 AM ET, Gawker Media posted an article
5  on the "Defamer" section of its Gawker Website -- at
6  <http://defamer.gawker.com/quentin-tarantino-throws-temper-tantrum-
7  after-script-le-1506541036> (Gawker's "January 22nd Article") -- about the leaked
8  script and about Plaintiff's public statements on the matter.  In Gawker's January
9  22nd Article, Gawker Media also actively solicited its readers to provide it with an
10 unauthorized infringing copy of the Screenplay, stating "**if anyone would like to**
11 **… leak the script to us, please do so at [email address]**."

12    18.   Plaintiff is informed and believes that Gawker Media itself for its own
13 benefit, itself transmitted or encouraged an infringing unauthorized full copy of the
14 Screenplay to be posted for download on the obscure file share website
15 AnonFiles.com ("AnonFiles Website") page, at the url <https://anonfiles.com/file/
16 ba77fe6f664d451a4725fbcca0846f67> (the "Screenplay Download URL").

17    19.   Immediately thereafter, on January 23, 2014 at 4:50 PM ET, with full
18 knowledge that it was an unauthorized copy of Tarantino's unreleased copyrighted
19 script, Gawker Media posted an article on its Gawker Website -- at
20 <http://defamer.gawker.com/here-are-plot-details-from-quentin-tarantinos-leake
21 d-1507675261> (Gawker's "January 23rd Article") -- with direct URL click-
22 through links for the transmission and downloading of the complete Screenplay at
23 the Screenplay Download URL.  In its January 23rd Article, titled ***"Here Is the***
24 ***Leaked Quentin Tarantino Hateful Eight Script"***, Gawker Media expressly and
25 specifically directed, encouraged and solicited its "47,000,000 Monthly US
26 Readers" and the general public with click-through URL links on where and how
27 to obtain an unauthorized downloadable copy of the unreleased Screenplay, by
28 which they intended to and did directly cause, contribute to, enable, facilitate, aid,

1  abet, induce and/or participate in the infringement of Plaintiff's copyrighted work.
2  Plaintiff is informed and believes and based thereon alleges that the general public
3  would not have known about or found the complete copy of the Screenplay on the
4  AnonFiles Website if not for Gawker Media's article post and specific click-through
5  URL links to the Screenplay.  Gawker Media's article linked to the first (and
6  otherwise unknown) incidence of the complete Screenplay being posted online.
7  Gawker Media's article and links became the source for spread of the leak, as it was
8  then widely commented upon and referred to by various other media outlets.

9       20.    Notwithstanding repeated demands for the removal of the posted direct
10 URL links to downloadable copies of the unlawfully posted infringing materials,
11 including submissions to Defendants of DMCA notices of copyright infringement
12 (as more fully set forth hereinbelow), (i) Defendant DOE-1 failed to expeditiously
13 disable access to and/or remove the posted infringing materials, and then, even after
14 the initial downloadable Screenplay pdf file was eventually removed, soon thereafter
15 a subsequent pdf file copy was posted and made available for download at the exact
16 same AnonFiles Website Screenplay Download URL, and (ii) the Gawker Media
17 defendants failed and expressly refused to remove its directions to and links to the
18 initial downloadable infringing Screenplay and subsequent downloadable infringing
19 Screenplays.

20

21                      **FIRST CLAIM FOR RELIEF**
22                **Copyright Infringement [17 U.S.C. § 101 *et. seq*.]**
23                   **(Against Defendants DOE-1 and DOES 2-10)**

24       21.    Plaintiff repeats, realleges and incorporates each and every allegation
25 contained in Paragraphs 1 through 20, inclusive, as though fully set forth herein.

26       22.    Plaintiff is the sole exclusive owner of all right, title and interest in the
27 work and copyright to the Screenplay, and the physical embodiment(s) thereof.  The
28 subject work of this claim has been properly and fully submitted in Plaintiff's name

1   to the U.S. Copyright Office ("USCO") for copyright registration, prior to the
2   infringement alleged herein.

3       23.    Plaintiff is informed and believes and thereon alleges that Defendant
4   DOE-1 a/k/a AnonFiles.com, and Does 2-10, and each of them -- whether directly
5   and/or by permitting or facilitating a user of its site to do so -- uploaded and posted,
6   and made available to the public, unauthorized copies of the Screenplay.  Plaintiff
7   is informed and believes alleges that Defendants, directly or indirectly, posted for
8   view and download, unauthorized full copies of the Screenplay.

9       24.    Defendants' copying of, use, reproduction, distribution, display,
10  transmission and/or dissemination of copies of the Screenplay and any physical
11  embodiment thereof is unauthorized, and constitutes an infringement of Plaintiff's
12  rights, including of the Screenplay copyright, and violation of copyright law.
13  Defendants have infringed Plaintiff's exclusive copyright in and to the Screenplay
14  directly and indirectly by use, reproduction, display, transmission and/or
15  dissemination of the copyrighted work, causing the copyrighted work to be copied
16  and distributed, all without the consent of Plaintiff.

17      25.    On January 23 and 25, 2014, Plaintiff's authorized agent submitted a
18  "Digital Millennium Copyright Act ("DMCA") Notice of Infringement" to the
19  operators of the AnonFiles Website (the "AnonFiles DMCA Notice"), providing
20  notice that the infringing copy of the Screenplay, or links to access thereof, appears
21  at the URL locations on the Website and/or hosted and contained on its server
22  and/or system ("systems") as set forth in the AnonFiles DMCA Notice.  Pursuant
23  to the AnonFiles DMCA Notice, Plaintiff's authorized agent made demand that the
24  operators of the AnonFiles Website immediately remove from its website/systems
25  the unauthorized posting of the Screenplay and/or any links that allows for access
26  to the transmission and/or downloading of the Screenplay.  Plaintiff's authorized
27  agent further made demand that the operators of the AnonFiles Website cease and
28  desist from using the AnonFiles Website to directly or indirectly cause, contribute

to, enable, facilitate, aid, abet, induce and/or participate in the infringement of Plaintiff's copyrighted work, including as identified in AnonFiles DMCA Notice. Defendants failed to expeditiously comply with the AnonFiles DMCA Notice, and failed to expeditiously remove and/or disable access to the unauthorized copies of the Screenplay posted on and disseminated through the AnonFiles Website and systems, including at the dedicated Screenplay Download URL page.  And then, even after the initial Screenplay pdf file was eventually disabled, a replacement pdf file copy was posted and made available for view and download at the same AnonFiles Website Screenplay Download URL.

26.    As a direct and proximate result of Defendants' infringing activities, Plaintiff has sustained and will continue to sustain further substantial injury, including damage to his business and profession and loss of value of the Screenplay, in an amount not yet known but to be determined according to proof at trial.

27.    Plaintiff lacks an adequate remedy at law.

28.    Plaintiff is informed and believes and thereon alleges that Defendants had prior knowledge of Plaintiff's rights and, therefore, Defendants' infringing activities are willful and wanton, entitling Plaintiff to an award of punitive damages.

29.    Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to an order enjoining Defendants' from infringing Plaintiff's copyright; pursuant to 17 U.S.C. § 503, Plaintiff is entitled to recover statutory or actual damages, at his election at the time of trial, from Defendants' infringement and Defendants' profits attributable to their infringing conduct.  Pursuant to 17 U.S.C. § 505, Plaintiff is also entitled to recover the full costs of bringing this action and his reasonable attorneys' fees.

30.    Plaintiff has suffered irreparable harm, and will continue to suffer additional irreparable harm until and unless Defendants' infringement is enjoined by this Court.

/ / /

/ / /

## SECOND CLAIM FOR RELIEF

**Contributory Copyright Infringement [17 U.S.C. § 101 *et. seq*.]**

**(Against Defendants GAWKER MEDIA, LLC, GAWKER MEDIA GROUP, INC, GAWKER ENTERTAINMENT, LLC, and DOES 2-10)**

31. Plaintiff repeats, realleges and incorporates each and every allegation contained in Paragraphs 1 through 20 and 22 through 25, inclusive, as though fully set forth herein.

32. Plaintiff is the sole exclusive owner of all right, title and interest in the work and copyright to the Screenplay, and the physical embodiment(s) thereof. The subject work of this claim has been properly and fully submitted in Plaintiff's name to the U.S. Copyright Office ("USCO") for copyright registration, prior to the infringement alleged herein.

33. Plaintiff is informed and believes and thereon alleges that, on or about January 23, 2014 at 4:50 PM ET -- after the unauthorized infringing copy of the Screenplay was uploaded and posted on the obscure file upload website AnonFiles.com ("AnonFiles Website") -- Defendants Gawker Media posted its January 23rd Article on their Gawker Website titled "*Here Is the Leaked Quentin Tarantino Hateful Eight Script*". In the January 23rd Article, Gawker Media wrote about how an upset Quentin Tarantino was "betrayed" by someone who copied and leaked the Screenplay for Tarantino's "latest film, The Hateful Eight." Gawker Media's writer also wrote: (i) "Since [Gawker] first posted this item, a document that appears to be the **script has been made public online *here***" -- with the text "here" a URL click-through link directly to the posted downloadable copy of the complete Screenplay at the Screenplay Download URL page; and (ii) "For better or worse, the **document is *146 pages* of pure Tarantino. Enjoy!**" -- with the text "146 pages" also a URL click-through link directly to the posted downloadable copy of the complete Screenplay at the Screenplay Download URL page, first with the initial downloadable infringing Screenplay and also the subsequent downloadable

infringing Screenplay. On January 26th, Gawker Media amended and updated its January 23rd Article, writing "… the script has been made public online *here and here*", to add the text "and here" into its article -- with the subsequent text "here" an additional URL click-through link directly to another posted downloadable copy of the complete Screenplay, posted on the website scribd.com.

34. Plaintiff is informed and believes and thereon alleges that, Defendants, through its article and specific URL click-through links therein, directed the general public on where and how to obtain and download an otherwise unknown unauthorized copyright infringing copy of the unreleased Screenplay. Defendants intended to and did directly cause, contribute to, enable, facilitate, aid, abet, induce and/or participate in the dissemination of and infringement of Plaintiff's copyrighted work. Defendants, with knowledge of the infringing activity, induced, solicited, encouraged, caused or materially contributed to the infringing conduct of DOE-1 a/k/a AnonFiles.com and DOES 2-10.

35. Defendants' conduct constitutes a contributory copyright infringement of Plaintiff's rights and copyright. Defendants have infringed Plaintiff's exclusive copyright in and to the Screenplay by knowingly facilitating the transmission and/or dissemination of unauthorized copies of the copyrighted work, and causing the copyrighted work to be copied and distributed worldwide, all without the consent of Plaintiff. Accordingly, Defendants are liable to Tarantino for contributory copyright infringement.

36. On January 23, 2014 (and again on January 24, 2014), Plaintiff's authorized agent submitted a "Digital Millennium Copyright Act ("DMCA") Notice of Infringement" to the operators of the Gawker Website (the "Gawker DMCA Notice"), providing notice that links to access to the infringing copy of the Screenplay appears at the URL locations on their website as set forth in the Gawker DMCA Notice. Pursuant to the Gawker DMCA Notice, Plaintiff's authorized agent made demand that Gawker Media immediately remove from its website the URL

links to the unauthorized posting of the Screenplay and/or any links that allows for access to the transmission and/or downloading of the Screenplay. Plaintiff's authorized agent further made demand that Gawker Media cease and desist from directly or indirectly using their website to cause, contribute to, enable, facilitate, aid, abet, induce and/or participate in the infringement of Plaintiff's copyrighted work, as identified in Gawker DMCA Notice. Defendants failed and expressly refused to comply with the Gawker DMCA Notice, and expressly refused to remove from its website the direct URL links to the unauthorized posting of the Screenplay. Thereafter, on or about January 26th, Gawker Media amended and updated its January 23rd Article to add into it an additional URL click-through link directly to another downloadable copy of the complete Screenplay.

37. As a direct and proximate result of Defendants' infringing activities, Plaintiff has sustained and will continue to sustain further substantial injury, including damage to his business and profession and loss of value of the Screenplay, in an amount not yet known but to be determined according to proof at trial.

38. Plaintiff lacks an adequate remedy at law.

39. Plaintiff is informed and believes and thereon alleges that Defendants had prior knowledge of Plaintiff's rights and, therefore, Defendants' infringing activities are willful and wanton, entitling Plaintiff to an award of punitive damages.

40. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to an order enjoining Defendants' from infringing Plaintiff's copyright; pursuant to 17 U.S.C. § 503, Plaintiff is entitled to recover statutory or actual damages, at his election at the time of trial, from Defendants' infringement and Defendants' profits attributable to their infringing conduct. Pursuant to 17 U.S.C. § 505, Plaintiff is also entitled to recover the full costs of bringing this action and his reasonable attorneys' fees.

41. Plaintiff has suffered irreparable harm, and will continue to suffer additional irreparable harm until and unless Defendants' infringement is enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, as said defendant(s) are specifically named and listed for the respective Claim for Relief, as follows:

**AS TO THE FIRST CLAIM FOR RELIEF (FOR VIOLATION OF COPYRIGHT)**:

1. For actual damages and Defendants' profits in an amount exceeding $1,000,000 to be determined at trial;

2. For statutory damages in an amount at the discretion of the Court;

3. For punitive and exemplary damages;

4. For a preliminary injunction and a permanent injunction enjoining Defendants, and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from continuing to reproduce, distribute, display, disseminate, transmit, make available for download or otherwise use the Screenplay in any manner whatsoever appropriating or in violation of Plaintiff's copyright;

5. Attorneys' fees and costs, pursuant to 17 U.S.C. §§502-505;

**AS TO THE SECOND CLAIM FOR RELIEF (FOR CONTRIBUTORY VIOLATION OF COPYRIGHT)**:

6. For actual damages and Defendants' profits in an amount exceeding $1,000,000 to be determined at trial;

7. For statutory damages in an amount at the discretion of the Court;

8. For punitive and exemplary damages;

9. For a preliminary injunction and a permanent injunction enjoining Defendants, and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from continuing to reproduce, distribute, display, disseminate, transmit, make available for download or otherwise use the Screenplay in any manner whatsoever appropriating or in violation of Plaintiff's copyright;

10. Attorneys' fees and costs, pursuant to 17 U.S.C. §§502-505;

**AS TO ALL CAUSES OF ACTION:**

11. For costs of suit herein;

12. For reimbursement to Plaintiff of attorneys' fees, as provided by law;

13. For interest on the above-requested damages and at the maximum legal rate as provided by law; and

14. For such other additional relief as the Court deems just and proper.

Respectfully submitted,

DATED: January 27, 2014

MARTIN D. SINGER
EVAN N. SPIEGEL
HENRY L. SELF, III
LAVELY & SINGER
PROFESSIONAL CORPORATION

By: _____
MARTIN D. SINGER
Attorneys for Plaintiff Quentin Tarantino

## REQUEST FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

DATED: January 27, 2014

MARTIN D. SINGER
EVAN N. SPIEGEL
HENRY L. SELF, III
LAVELY & SINGER
PROFESSIONAL CORPORATION

By: _____
MARTIN D. SINGER
Attorneys for Plaintiff Quentin Tarantino