**LEVINE SULLIVAN KOCH & SCHULZ, LLP**
ROBERT PENCHINA (*Pro Hac Vice forthcoming*)
    rpenchina@lskslaw.com
321 West 44th Street, Suite 1000
New York, NY 10036
Telephone:  (212) 850-6100
Fax:  (212) 850-6299

THOMAS CURLEY (*Pro Hac Vice forthcoming*)
    tcurley@lskslaw.com
1899 L Street, N.W., Suite 200
Washington, DC 20036
Telephone:  (202) 508-1138
Fax:  (202) 861-8999

**JASSY VICK CAROLAN LLP**
KEVIN L. VICK, Cal. Bar No. 220738
    kvick@jassyvick.com
JEAN-PAUL JASSY, Cal. Bar No. 205513
    jpjassy@jassyvick.com
6605 Hollywood Boulevard, Suite 100
Los Angeles, California 90028
Telephone:  (310) 870-7048
Fax:  (310) 870-7010

Attorneys for Defendant
GAWKER MEDIA GROUP, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA –   WESTERN DIVISION

| | |
|---|---|
| QUENTIN TARANTINO,<br><br>           Plaintiff,<br><br>     v.<br><br>GAWKER MEDIA, LLC, et al.,<br><br>           Defendants. | Case No.  CV 14-603-JFW (FFMx)<br><br>Judge:   Hon. John F. Walter<br><br>**DEFENDANT GAWKER MEDIA GROUP, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT PURSUANT TO F.R.C.P. RULE 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declaration of Scott Kidder and Proposed Order Filed Concurrently]<br><br>Date:       March 24, 2014<br>Time:       1:30 p.m.<br>Place:      Courtroom 16 |

1 TO THE COURT, THE PARTIES AND THEIR COUNSEL OF RECORD:

2    PLEASE TAKE NOTICE that on March 24, 2014 at 1:30 p.m., or as soon

3 thereafter as counsel may be heard, in Courtroom 16 of the above-entitled Court, the

4 Honorable John F. Walter, presiding, Defendant Gawker Media Group, Inc.

5 ("GMGI") will and hereby does move the Court under the Federal Rules of Civil

6 Procedure, Rule 12(b)(2) for an order dismissing the Complaint of Plaintiff Quentin

7 Tarantino and each claim for relief contained therein against GMGI.

8    A conference pursuant to Local Rule 7-3 took place on February 12, 2014.

9    GMGI's Motion to Dismiss ("Motion") is made on the following grounds:

10 pursuant to Rule 12(b)(2), this Court lacks personal jurisdiction over GMGI, a

11 Cayman Islands corporation which is not subject to general jurisdiction because it

12 does not have any continuous and systematic contacts with California and is not

13 subject to specific jurisdiction because it does not publish the website at issue in

14 plaintiff's Complaint and was not involved in any way with the researching, writing,

15 editing, or publishing of the article that is the subject of plaintiff's Complaint.

16    GMGI's Motion is based on this Notice, the attached Memorandum of Points

17 and Authorities, the Declaration of Scott Kidder, on all papers, pleadings, records and

18 files in this case, on all matters of which judicial notice may be taken, and on such

19 other evidence and/or argument as may be presented to the Court at the hearing on

20 this Motion.

21    GMGI respectfully requests that the Court dismiss the Complaint, and each

22 claim for relief contained therein against GMGI, with prejudice and without leave to

23 amend.

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED:  February 19, 2014

LEVINE SULLIVAN KOCH & SCHULZ, LLP
ROBERT PENCHINA *
THOMAS CURLEY *

JASSY VICK CAROLAN LLP
KEVIN L. VICK
JEAN-PAUL JASSY

By:   /s/     Kevin L. Vick

KEVIN L. VICK

Attorneys for Defendant
GAWKER MEDIA GROUP, INC.

*Pro Hac Vice forthcoming

-2-

1
2

### MEMORANDUM OF POINTS AND AUTHORITIES

### SUMMARY OF ARGUMENT

3   Plaintiff's Complaint against defendant Gawker Media Group, Inc. ("GMGI")

4   should be dismissed pursuant to Federal Rule 12(b)(2) due to the absence of personal

5   jurisdiction.  GMGI is a Cayman Islands holding corporation which does not operate

6   in California and is not subject to general jurisdiction here.  Nor is GMGI subject to

7   specific jurisdiction in the circumstances of this action because GMGI played no role

8   in the publication of the challenged news article upon which plaintiff's claim for

9   contributory copyright infringement is predicated.

10  ### FACTUAL BACKGROUND

11  Insofar as is relevant to this motion, plaintiff Quentin Tarantino asserts a claim

12  for contributory copyright infringement against GMGI, which the Complaint

13  acknowledges is "a Cayman Islands corporation, and is a citizen of the Cayman

14  Islands pursuant to 28 U.S.C. [§] 1332(c)."  Complaint ("Compl.") ¶ 10.  GMGI is

15  the parent company of Gawker Media, LLC, a Delaware corporation also named as a

16  defendant herein.[1]  Declaration of Scott Kidder ("Kidder Decl.") ¶ 3; *see also* Compl.

17  ¶ 8.

18  Plaintiff's contributory copyright infringement claim against GMGI arises out

19  of the public dissemination of his movie script, *The Hateful Eight*, on or about

20  January 21, 2014.  Compl. ¶ 16.  On this date, plaintiff gave an interview, which was

21  widely reported in the media, to the effect that he had given copies of the script to

22  certain individuals and that the script was now circulating publicly.  *Id.*[2]

23
24
25
26

[1] Defendant Gawker Media, LLC is not contesting personal jurisdiction in this action. By stipulation with plaintiff previously filed with the Court, Dkt. No. 10, Gawker Media, LLC has been given up to and including March 10, 2014 to otherwise move or respond to the Complaint.  Gawker Entertainment, LLC is also named as a defendant herein.  Compl. ¶ 9.  However, Gawker Entertainment, LLC was dissolved as a corporation in 2013, and counsel for the parties have reached an agreement that Gawker Entertainment, LLC is not a proper party to this action.

27
28

[2] Plaintiff's interview is available at Deadline Hollywood, *Quentin Tarantino Shelves 'The Hateful Eight' After Betrayal Results in Script Leak*,

1    According to plaintiff, on January 22 a Gawker Media, LLC website published

2    a news article regarding plaintiff's remarks concerning the dissemination of his script.

3    *Id.* ¶ 17.  A subsequent website article following up on the story on January 23,

4    entitled "Here Is the Leaked Quentin Tarantino Hateful Eight Script," included two

5    hyperlinks to third-party websites elsewhere on the Internet where the script could

6    already be found.  *Id.* ¶ 19.  Plaintiff's contributory copyright infringement claim is

7    predicated upon Gawker Media, LLC's inclusion in its news article of these

8    hyperlinks to other websites where the script was available.  *Id*. ¶¶ 33-34.

9    Defendant Gawker Media, LLC, the publisher of www.gawker.com, was solely

10   responsible for writing, editing, and publishing the news article challenged in the

11   Complaint.  *See id.* ¶ 19; Kidder Decl. ¶ 5.  By contrast, GMGI did not play any role

12   in connection with the January 23 news article at issue, be it writing, editing,

13   publishing the article or including the hyperlinks.  *Id*.  Moreover, GMGI has no

14   operations or employees in California or elsewhere.  *Id*. ¶ 3.  Rather, it is a Cayman

15   Islands holding company.  *Id*. ¶ 2-3.  Its sole assets are equity securities in its

16   subsidiaries, one of which is defendant Gawker Media, LLC.  *Id*. ¶ 3.  In short, GMGI

17   does not publish anything, including without limitation the website found at

18   www.gawker.com.  *Id*. ¶ 5.

19   The Complaint contains no allegations which would purport to establish the

20   existence of personal jurisdiction over GMGI other than the conclusory assertion that

21   GMGI is "engaged in and doing business and commercial activities in and causing a

22   direct effect in the County of Los Angeles, State of California."  Compl. ¶ 10.  The

23   Complaint also makes the conclusory assertion that Gawker Media, LLC, is "under

24   _____

25   http://www.deadline.com/2014/01/quentin-tarantino-hateful-eight-leak-novel.  The
     Gawker Media, LLC publication upon which plaintiff's claim is predicated, *see*

26   Compl. ¶ 19, is available at *Here is the Leaked Quentin Tarantino 'Hateful Eight'*
     *Script*, http://defamer.gawker.com/here-are-plot-details-from-quentin-tarantinos-

27   leaked-1507675261.  *See also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S.
     308, 322, 127 S. Ct. 2499, 2511, 168 L. Ed. 2d 179 (2007) (noting that courts may
     take judicial notice of "documents incorporated into the complaint by reference").

28

the control of defendant" GMGI,  *id*. ¶ 11, and it otherwise refers to the three Gawker defendants named in the Complaint interchangeably and without identifying which allegations are asserted against GMGI specifically, *see, e.g.*, *id*.

## ARGUMENT

## I. THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT AS TO GAWKER MEDIA GROUP, INC. BECAUSE IT LACKS PERSONAL JURISDICTION OVER THAT ENTITY

Plaintiff's claims against GMGI should be dismissed because plaintiff cannot carry his burden of showing that GMGI has sufficient "minimum contacts" to subject it to jurisdiction in this forum.  "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  While a plaintiff "need only make a prima facie showing of jurisdictional facts," a plaintiff "cannot 'simply rest on the bare allegations of its complaint'" that are contradicted by a defendant's declaration.  *Id*. (internal quotation marks and citations omitted).  And, "nonspecific conclusory statement[s]" are insufficient to support a finding of jurisdiction.  *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986).

California's long arm statute allows jurisdiction to be exercised to "the limits of due process." *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001).  When a non-resident defendant is haled into court, due process requires that a defendant have "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional conceptions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945)).

If a defendant's conduct in the forum state is "continuous and systematic," it may properly be subject to general jurisdiction; alternatively, if a defendant directs its

1    conduct at the forum state and that conduct is the subject of the suit, it may be subject

2    to specific jurisdiction.  *Id.*

3           Here, plaintiff does not allege facts supporting the exercise of general

4    jurisdiction over GMGI.  Plaintiff's complaint contains no factual allegations

5    demonstrating that GMGI owns property in California, has offices in California,

6    conducts business in California, solicits business in California, or has any other

7    continuous and systematic contacts with California.  And indeed GMGI does not.

8    Kidder Decl. ¶ 3.  While plaintiff asserts in a conclusory fashion that GMGI is

9    "engaged in and doing business and commercial activities in and causing a direct

10   effect in the County of Los Angeles, State of California," Compl. ¶ 10, no facts are

11   pled with respect to what business or commercial activities GMGI is purportedly

12   engaged in or how they theoretically cause a direct effect in California, *id.*

13          Thus, there can be no general jurisdiction here, as plaintiff has not pled facts

14   establishing that GMGI's activities, whatever they are alleged to be, are "continuous

15   and systematic."  *See SDC Inv., Inc.*, 788 F.2d at 540 (affirming dismissal of

16   complaint on jurisdictional grounds where plaintiffs relied on conclusory allegations);

17   *see also, e.g.*, *Daimler AG v. Bauman*, 134 S. Ct. 746, 761-62 (2014) (no general

18   jurisdiction where defendant corporation did not have such "continuous and

19   systematic" contacts with the forum to render it "at home" there); *Osborne v. Nat'l

20   Truck Funding, LLC*, No. 2:12-CV-02510-AC, 2013 WL 3892946, at *5 (E.D. Cal.

21   July 26, 2013) (no general jurisdiction where plaintiff alleged the defendant "solicited

22   business in the State of California"); *cf. Otter Prods. LLC v. Custom Offshore Tackle

23   LLC*, No. CV 12-9311 GAF (AJWx), 2013 WL 815910, at *3 (C.D. Cal. Mar. 4,

24   2013).

25          In the absence of general jurisdiction, plaintiff must allege facts supporting the

26   exercise of specific jurisdiction over GMGI.  The Ninth Circuit has established a

27   three-part specific jurisdiction test:

28

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citation omitted). The plaintiff must prove prongs one and two, at which point the burden shifts to the defendant to show that the exercise of jurisdiction would not be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S. Ct. 2174, 2184-85, 85 L. Ed. 2d 528 (1985).

Dismissal is appropriate here because plaintiff alleges no facts showing that GMGI purposefully directed its activities at the forum or availed itself of the privilege of conducting business in the forum. As noted, plaintiff alleges only in passing that GMGI is "engaged in and doing business and commercial activities in and causing a direct effect in the County of Los Angeles, State of California." Compl. ¶ 10. This conclusory allegation is not sufficient as a matter of law. *See, e.g.*, *In re W. States Wholesale Natural Gas Antitrust Litig.*, Nos 2:06-CV-0233, 2:03-CV-1431, 2007 WL 2445953, at *9 (D. Nev. Aug. 17, 2007) (rejecting as insufficient conclusory allegations that specific jurisdiction was appropriate); *cf. DFSB Kollective Co. v. Yang*, No. 11-CV-01051 CW (NC), 2012 WL 1835710, at *2 (N.D. Cal. May 21, 2012) (ordering plaintiffs to show cause why copyright infringement claim should not be dismissed for lack of personal jurisdiction where plaintiffs made conclusory allegation that defendants were "doing business" in the district).

Moreover, dismissal is appropriate because plaintiff has not pled any facts (of which there are none) demonstrating that his claim arose out of or relates to GMGI's

-7-

forum-related activities.  Although plaintiff groups defendants together and refers to them collectively as "Gawker Media" throughout the Complaint, *see* Compl. ¶ 11, plaintiff alleges no facts supporting the conclusion that GMGI specifically had any involvement in writing the news article contested in the Complaint.  In fact, the only allegation in the Complaint which appears intended to suggest that specific jurisdiction could possibly lie here is that "Gawker Media, LLC . . . [was] and [is] under the control of defendant Gawker Media Group, Inc." *Id*.  First, this allegation is conclusory.  *See In re W. States Wholesale Natural Gas Antitrust Litig.*, 2007 WL 2445953, at *9.  And, even if this allegation was not conclusory, it "is well-established that a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003).  The only exceptions to this rule (not applicable here, however) are where the plaintiff pleads sufficient facts showing that the subsidiary is simply the alter ego of the parent, or where the subsidiary can be said to be the "general agent of the parent." *Id*.  Plaintiff makes no attempt to plead specific facts showing that either is the case here, nor can he.  Therefore, specific jurisdiction does not exist and plaintiff's Complaint must be dismissed as against GMGI.  *See, e.g.*, *Koller v. W. Bay Acquisitions, LLC*, No. C 12-00117 CRB, 2012 WL 2862440, at *5-6 (N.D. Cal. July 11, 2012) (dismissing complaint where plaintiff did not undergird his jurisdictional allegations with specific supporting facts).

## CONCLUSION

Because GMGI is not subject to general or specific jurisdiction, GMGI respectfully requests that this Court dismiss the Complaint for lack of personal jurisdiction pursuant to Federal Rule 12(b)(2).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:  February 19, 2014

LEVINE SULLIVAN KOCH & SCHULZ, LLP
ROBERT PENCHINA *
THOMAS CURLEY *

JASSY VICK CAROLAN LLP
KEVIN L. VICK
JEAN-PAUL JASSY


By:   /s/      Kevin L. Vick

KEVIN L. VICK

Attorneys for Defendant
GAWKER MEDIA GROUP, INC.

*Pro Hac Vice forthcoming

-9-