| | |
|---|---|
| 1 | **MARTIN D. SINGER (BAR NO. 78166)**<br>**EVAN N. SPIEGEL (BAR NO. 198071)** |
| 2 | **HENRY L. SELF III (BAR NO. 223153)**<br>**LAVELY & SINGER** |
| 3 | **PROFESSIONAL CORPORATION**<br>2049 Century Park East, Suite 2400 |
| 4 | Los Angeles, California 90067-2906<br>Telephone: (310) 556-3501 |
| 5 | Facsimile: (310) 556-3615<br>E-Mail: mdsinger@lavelysinger.com |
| 6 |            espiegel@lavelysinger.com |
| 7 | Attorneys for Plaintiff<br>**QUENTIN TARANTINO** |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| QUENTIN TARANTINO, an individual, | ) ) ) | CASE NO. 14-CV-603-JFW (FFMx) |
| Plaintiff, | ) ) | [Hon. John F. Walter] |
| v. | ) ) | **OPPOSITION TO DEFENDANT GAWKER MEDIA, LLC'S REQUEST FOR JUDICIAL NOTICE** |
| GAWKER MEDIA, LLC, a/k/a Gawker Media, a Delaware corporation; GAWKER MEDIA GROUP, INC, a/k/a Gawker Media, a Cayman Islands corporation; GAWKER ENTERTAINMENT, LLC, a/k/a Gawker Media, a New York corporation; DOE-1, a/k/a ANONFILES.com, an unknown entity/person, and DOES 2 through 10, inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Date:     April 14, 2014<br>Time:     1:30 p.m.<br>Ctrm:     16 |
| Defendants. | ) ) | |
| _____ | ) | |

Pursuant to Federal Rule of Evidence 201(e), plaintiff Quentin Tarantino ("Tarantino" or "Plaintiff" ) hereby objects to and opposes in part the request for judicial notice submitted by defendant Gawker Media, LLC ("Gawker" or "Defendant") in support of its pending motion to dismiss. Gawker seeks judicial notice of four documents in their entirety.

Tarantino does not object to the Court's consideration of the first two items, namely: (a) the online post in which Gawker linked directly to infringing copies of his complete screenplay for *The Hateful Eight* (Exhibit A); and (b) a preceding Internet post wherein Gawker had actively solicited its readers to violate copyright law and provide it with an unauthorized copy of Tarantino's screenplay (Exhibit B). Those posts comprise in part the basis upon which the Plaintiff seeks to hold Gawker liable for contributory copyright infringement, and "documents not attached to a complaint may be considered if no party questions their authenticity and the complaint relies on those documents." *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

However, Tarantino does object to the Court's consideration of the third and fourth items, namely Gawker's Exhibits "C" and "D".

Tarantino's complaint does not rely on Exhibit C, which is a news piece from third party website Deadline Hollywood regarding the leak of Tarantino's screenplay. Although Paragraph 16 of the complaint makes reference to a certain unspecified "interview" in recounting the background context of this case, the pleading in no way makes any substantive reliance thereon, even assuming that such interview was in fact Exhibit C. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (documents not physically attached may be considered only if "the plaintiff's complaint *necessarily* relies" thereon) (emphasis added) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)).

Nor does Tarantino's complaint even so much as mention Exhibit D, an article published on third party website "The Wrap". It would therefore be inappropriate for

1  the Court to take judicial notice of that document or any of the purported facts stated
2  therein, which are not "generally known within the territorial jurisdiction of the
3  court." *N.D. v. Hawaii Dept. of Ed.*, 600 F.3d 1104, 1113 n.7 (9th Cir. 2010).

4      As the party requesting that the Court take judicial notice of Exhibit D, Gawker
5  bore the burden of demonstrating its propriety, but it failed to do so; Indeed, the only
6  authority upon which Gawker relies is a wrongful discharge case in which the court
7  took judicial notice of widespread layoffs at the defendant's plant, "a fact which
8  would be generally known in Southern California and which would be capable of
9  sufficiently accurate and ready determination." *Ritter v. Hughes Aircraft Co.*, 58 F.3d
10 454, 459 (9th Cir. 1995).

11     For the foregoing reasons, Tarantino therefore respectfully requests that
12 Gawker's request for judicial notice be denied as to Exhibits C and D.

14 DATE: March 24, 2014

MARTIN D. SINGER
EVAN N. SPIEGEL
HENRY L. SELF, III
LAVELY & SINGER
PROFESSIONAL CORPORATION

By:    /s/ - Evan N. Spiegel
       EVAN N. SPIEGEL
Attorneys for Plaintiff
QUENTIN TARANTINO