UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 14-603-JFW (FFMx)**                              Date:  April 22, 2014

Title:     Quentin Tarantino -v- Gawker Media, LLC., et al.

---

**PRESENT:**

  **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

  Shannon Reilly                                None Present
  Courtroom Deputy                              Court Reporter


**ATTORNEYS PRESENT FOR PLAINTIFFS:**       **ATTORNEYS PRESENT FOR DEFENDANTS:**
               None                                         None

**PROCEEDINGS (IN CHAMBERS):**   ORDER GRANTING DEFENDANT GAWKER MEDIA, LLC'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO F.R.C.P. RULE 12(b)(6) [filed 3/10/14; Docket No. 23]

On March 10, 2014, Defendant Gawker Media, LLC ("Defendant") filed a Motion to Dismiss the Complaint Pursuant to F.R.C.P. Rule 12(b)(6) ("Motion").  On March 24, 2014, Plaintiff Quentin Tarantino ("Plaintiff") filed his Opposition.  On March 31, 2014, Defendant filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's April 14, 2014 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.     Factual and Procedural Background**[1]

---

[1]  The following facts are taken from Plaintiff's Complaint and are accepted as true for purposes of deciding this Motion.  Although Plaintiff does not object to the Court taking judicial notice of Exhibits A and B of Defendant's Request for Judicial Notice of Exhibits A-D [Docket No. 24] ("Request for Judicial Notice"), Plaintiff does object to the Court taking judicial notice of Exhibits C and D.  The Court overrules Plaintiff's objections and grants Defendant's Request for Judicial Notice.  Federal Rule of Evidence 201 provides that a Court may take judicial notice of a fact "not subject to reasonable dispute" that is "generally known within the trial court's territorial jurisdiction." FRE 201(b)(1).  "Specifically, courts may take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."  *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012)

Plaintiff, "a multiple Oscar winning and nominated writer and director," wrote a screenplay "for a new ensemble western motion picture, titled '*The Hateful Eight*,'" that he was planning to make and "would direct." Complaint, ¶¶ 7 and 15. Plaintiff holds by authorship the exclusive copyright in the original unpublished, unreleased motion picture screenplay to *The Hateful Eight*. Plaintiff's copyright registration for the screenplay was submitted to the United States Copyright Office on January 23, 2014. *Id.*, ¶ 15.

On or about January 21, 2014, Plaintiff discovered that a copy of his screenplay had, without his knowledge or authorization, been leaked to the public. *Id.*, ¶ 16. After he learned of the leak, Plaintiff stated publicly in an interview with Mike Fleming, Jr. that he had decided not to direct the film. In that same interview, Plaintiff indicated that he had given his screenplay to six individuals, and discussed his suspicions as to the source of the leak. Plaintiff's interview, and in particular his announcement that he would not make the movie "was widely reported in the media." *Id.*, ¶ 16.

Defendant is a news organization. *Id.*, ¶ 2. It publishes reports which can be accessed at the Gawker website. *Id.*, ¶ 17. Like many other media outlets that "widely reported" the story about the leaked screenplay, Defendant also reported on the leak of Plaintiff's screenplay and his announcement that he would not make the movie. *Id.*, ¶¶ 16, 17. Specifically, on January 22, 2014, Defendant published an article entitled "Quentin Tarantino Throws Temper Tantrum After Script Leak" that stated, in part, that "[a]fter learning Tuesday that his script for *The Hateful Eight* was leaked, Quentin Tarantino . . . decided to cancel the movie" and "[h]e then called Mike Fleming Jr. at *Deadline* [an Internet publication] so he could make his anger public."

Around noon on January 23, 2014, the website *The Wrap* published an article claiming that it had "obtained a copy of Tarantino's script that's making its way around Hollywood." *The Wrap* article disclosed several facts about the script, and also reported on a link to the script, noting that "Hollywood assistants are now promulgating a link anyone can use to download a PDF of the script that will no doubt end up online in the coming days."

On that same day, a complete copy of Plaintiff's screenplay for *The Hateful Eight* was posted on the "file share website AnonFiles.com." *Id.,* ¶ 18. Thereafter, a copy of Plaintiff's screenplay for *The Hateful Eight* was posted on the website Scribd.com. *Id.*, ¶ 33. "[A]fter the unauthorized infringing copy of the Screenplay was uploaded and posted" to AnonFiles.com, Defendant published a follow up to its original story in an article entitled "Here Is the Leaked

---

(internal quotation omitted). In addition, a court may take judicial notice of publicly available newspaper and magazine articles and web pages that "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). Courts have found website and newspaper articles to be proper subject for judicial notice when those materials are relied on by a plaintiff or concern facts at issue in the complaint. *See Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956 (C.D. Cal. 2005) (taking judicial notice of Amazon.com web pages and web information on medical association's website). Exhibit C is referenced in the Complaint, and both Exhibits C and D constitute relevant information in the public realm in January 2014, and, therefore, are properly before the Court.

Quentin Tarantino *Hateful Eight Script,*" and reported that, since Gawker's first report, "a document that appears to be the script has been made public online." *Id.*, ¶¶ 19, 33. Although Defendant did not post or publish the screenplay, Defendant did include hyperlinks to AnonFiles.com and Scribd.com where the screenplay already had been published. *Id.*, ¶¶ 18, 33. Although Defendant did not invite its readers to copy, distribute, or make any infringing use of the screenplay, Defendant did "encourage Gawker visitors to read the Screenplay." *Id.*, ¶ 2.

On January 27, 2014, Plaintiff filed a Complaint, alleging claims for relief for: (1) copyright infringement against Doe Defendants 1 though 10; and (2) contributory copyright infringement against Defendant, Gawker Media Group, Inc.[2], and Gawker Entertainment, LLC. In his Complaint, Plaintiff does not allege that Defendant directly infringed Plaintiff's screenplay, only that Defendant contributorily infringed Plaintiff's screenplay by including links to where the screenplay was posted online in its reporting on the leak of the screenplay.

## II. Legal Standard

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment. *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

---

[2] On February 27, 2014, Gawker Media Group, Inc. was dismissed pursuant to a stipulation of the parties.

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

### III. Discussion

#### A. Plaintiff Has Failed to Allege A Claim of Contributory Infringement Against Defendant.

To state a claim for contributory liability, Plaintiff must allege that Defendant "infringe[d] contributorily by intentionally inducing or encouraging direct infringement." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). The Ninth Circuit has expanded the scope of contributory infringement to include situations where the defendant " (1) knew of the direct infringement; and (2) . . . either induced, caused, or materially contributed to the infringing conduct." *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013) (*quoting A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019 (9th Cir. 2001)); *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007) (affirming dismissal of Plaintiff's contributory infringement claim, and stating that "[t]his court and the United States Supreme Court . . . have announced various formulations of the same basic test for such liability"). In addition, to establish contributory liability Plaintiff must first establish direct infringement by third parties because secondary liability cannot exist in the absence of direct infringement by a third party. *Perfect 10, Inc. v. Amazon.com*, 508 F.3d 1146 (9th Cir. 2007). An allegation that a defendant merely provided the means to accomplish an infringing activity is insufficient to establish a claim for copyright infringement. *Grokster,* 545 U.S. at 937. Rather, liability exists if the defendant engages in personal conduct that encourages or assists the infringement. *Id.*

In this case, Plaintiff's contributory infringement claim is based on Defendant "facilitating and encouraging the public's violation of Plaintiff's copyright in the screenplay" by providing links to copies that someone else had already posted on AnonFiles.com and Scribd.com.[3] *See, e.g.,*

---

[3] Even if Plaintiff alleged that individuals accessed the links contained in Defendant's article in order to read Plaintiff's script, such an allegation would still not support Plaintiff's contributory infringement claim against Defendant. Simply viewing a copy of allegedly infringing work on one's own computer does not constitute the direct infringement necessary to support Plaintiff's contributory infringement claim. *See Perfect 10, Inc.*, 508 F.3d at 1169 (where alleged primary infringers merely view pages containing infringing images, but do not "store[] infringing images on their computers," there is no infringement). In addition, based on the allegations of the Complaint, there can be little doubt that Plaintiff has a strong claim for direct infringement against Doe 1, a/k/a AnonFiles.com. However, Plaintiff has not alleged and it is highly unlikely that Plaintiff will be able

Complaint, ¶¶ 2, 19, and 33.  However, nowhere in these paragraphs or anywhere else in the Complaint does Plaintiff allege a single act of direct infringement committed by any member of the general public that would support Plaintiff's claim for contributory infringement.  Instead, Plaintiff merely speculates that some direct infringement must have taken place.  For example, Plaintiff's Complaint fails to allege the identity of a single third-party infringer, the date, the time, or the details of a single instance of third-party infringement, or, more importantly, how Defendant allegedly caused, induced, or materially contributed to the infringement by those third parties.  *See, e.g., Bernstein v. JC Penney, Inc.*, 1998 WL 906644, at *1 (C.D. Cal. Sept. 29, 1998) (dismissing contributory infringement claim predicated upon linking theory where defendant argued that "Internet users viewing of the material at issue is not infringing and thus there was no direct infringement . . . to which [defendant] could contribute"); *Panoramic Stock Images, Ltd. v. Pearson Educ., Inc.*, 2013 WL 2357586, at *3 (N.D. Ill. May 29, 2013) (dismissing complaint that failed "to identify any third party or publication that allegedly infringed on its copyrights or any factual basis suggesting that [the defendant] induced or encouraged infringement."); *Berry v. Deutsche Bank Trust Co. Ams.*, 2008 WL 4694968, at *5 (S.D.N.Y. Oct. 21, 2008) (dismissing claim where plaintiff failed to allege facts showing that the defendants "acted in concert with any direct infringer or directed the infringement"), *aff'd*, 378 F. App'x 110 (2d Cir. 2010); *Flava Works, Inc. v. Clavio*, 2012 WL 2459146, at *3 (N.D. Ill. Jun. 27, 2012) (granting motion to dismiss contributory infringement claim where "complaint does not include a single factual allegation of some third-party—even if that third-party's specific identity is unknown—who was infringing with the assistance and knowledge of" defendant); *Viesti Assocs., Inc. v. Pearson Educ., Inc.*, 2013 WL 4052024, at *7 (D. Colo. Aug. 12, 2013) ("Without factual allegations describing instances of Pearson encouraging or promoting third parties to infringe Viesti's photographs, the complaint does not permit the Court to infer more than the mere possibility of Pearson's misconduct. However, allegations that are merely consistent with the possibility that Pearson is liable fail to state a plausible claim for relief.") (*citing Iqbal*, 556 U.S. at 678).  Plaintiff's Opposition confirms that his allegations of direct infringement are speculative when he admits that he cannot "explicitly identify one particular, known individual who downloaded or printed copies of the Screenplay."  Opposition, 9:12-14.

General allegations such as those relied on by Plaintiff are plainly insufficient to state a claim for contributory infringement.[4]  A complaint must plead facts which would satisfy the

---

to plead facts demonstrating that Defendant somehow induced, caused, or materially contributed to the infringing conduct by publishing a link to the screenplay after it was wrongfully posted on AnonFiles.com.

[4]  In addition, all of Plaintiff's allegations related to his contributory infringement claim are based on information and belief, and such allegations are insufficient as a matter of law.  *See, e.g., Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 694 (9th Cir. 2009) (finding insufficient allegations based "upon information and belief" where no further facts were alleged); *Solis v. City of Fresno*, 2012 WL 868681, at *8 (E.D. Cal. Mar. 13, 2012) ("In the post-*Twombly* and *Iqbal* era, pleading on information and belief, without more, is insufficient to survive a motion to dismiss for failure to state a claim."); *Simonyan v. Ally Fin. Inc.*, 2013 WL 45453, at *2 (C.D. Cal. Jan. 3, 2013) (noting that "factual allegations . . . based on 'information and belief' and contain[ing] nothing more than a rote

elements of a claim. *See, e.g., Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013) (dismissing contributory infringement claim based on conclusory allegations) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice")); *Med-Systems, Inc. v. Masterson Mktg., Inc.*, 2011 WL 5873399, at *7 (S.D. Cal. Nov. 23, 2011) (dismissing contributory infringement claims and holding that, under *Iqbal,* a court need not accept as true plaintiff's conclusory allegations and legal conclusions). Accordingly, the Court concludes that Plaintiff has failed to adequately allege a claim of contributory infringement against Defendant.

### B.     Defendant's "Fair Use" Argument Is Premature.

Defendant also argues that Plaintiff's contributory infringement claim should be dismissed because it is barred by the fair use doctrine. However, a motion to dismiss under Rule 12(b)(6) cannot be granted based on an affirmative defense unless that "defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). As the Court stated in *Brownmark Films, LCC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012):

> Rule 12(b)(6) tests whether the complaint states a claim for relief, and a plaintiff may state a claim even though there is a defense to that claim. The mere presence of a potential affirmative defense does not render the claim for relief invalid. Further, these defenses typically turn on facts not before the court at that stage in the proceedings. But when all relevant facts are presented, the court may properly dismiss a case before discovery—typically through a Rule 12(c) Motion for Judgment on the Pleadings — on the basis of an affirmative defense. *See id.*; *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir.2009) (approving of granting motions to dismiss based on the statute of limitations when "the relevant dates [that establish the defense] are set forth unambiguously in the complaint").

In this case, Defendant devotes many pages to its argument that Plaintiff's contributory infringement claim is barred by the doctrine of "fair use" codified at 17 U.S.C. §107. However, the Court concludes that the fair use arguments, albeit persuasive and potentially dispositive, are premature and the Court declines to consider those arguments until Plaintiff has had an opportunity to demonstrate that he can state a viable claim for contributory copyright infringement.

## IV.    Conclusion

For all the foregoing reasons, the Court **GRANTS** Defendant's Motion on the grounds that Plaintiff has failed to adequately plead facts establishing direct infringement by a third party or facts that would demonstrate Defendant either caused, induced, or materially contributed to the alleged

---

recitation of the required elements of each respective claim . . . fall well short of the requirements set forth in *Iqbal*"); *U.S. v. Center for Diagnostic Imagining, Inc.*, 787 F.Supp. 2d 1213, 1221 (W.D. Wash. 2011) (holding that "[a] plaintiff relying on 'information and belief' must state the factual basis for the belief").

direct infringement of those third party infringers.  In light of Plaintiff's suggestion that any defects in his Complaint "can be easily" cured by amendment, and given the Ninth Circuit's liberal policy of granting leave to amend (*United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011)), the Court will grant Plaintiff an opportunity to amend the second claim for relief for contributory infringement against Defendant.  Plaintiff shall file his First Amended Complaint by May 1, 2014.

    IT IS SO ORDERED.